# EXHIBIT A

Filing #115982080 E-Filed 11/02/2020 01:05:19 PM
Case 0:20-cv-62545-RAR Document 1-2 Entered on FLSD Docket 12/10/2020 Page 2 of 16
Case Number: CACE-20-018255 Division: 13
11/12/2020
9:30 AM
1571
D3

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 20018255

JOHN GALETE,

    Plaintiff,

vs.

WALMART ASSOCIATE'S INC,

    Defendant.
_____/

### SUMMONS IN A CIVIL CASE

**TO: WALMART ASSOCIATE'S INC**, through counsel for Defendant:
    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    RAINIER REGUEIRO, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    COMEAU BUILDING
    319 CLEMATIS STREET,
    SUITE 2200
    WEST PALM BEACH, FL 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

NOV 03 2020
_____
CLERK                                  DATE

_____
(BY) DEPUTY CLERK



**BRENDA D. FORMAN**

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

JOHN GALETE,

    Plaintiff,

vs.

WALMART ASSOCIATE'S INC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, **JOHN GALETE** ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, **WALMART ASSOCIATE'S INC** and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs for damages under Florida Civil Rights Act of 1992 (FCRA), §760.01, et Statutes, discrimination based on race and national origin.

2. Plaintiff was an employee of Defendant, employed as a Supervisor in Broward County, Florida.

3. Defendant was a "person" and/or an "employer" pursuant to the Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.*, since it employs fifty or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the "FCRA".

4. At all times material hereto, Plaintiff was an "employee" within the meaning of the Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.*

5. Venue is proper in Broward County because all of the actions complained of herein occurred within the jurisdiction of Broward County.

6. Plaintiff continues to be, a resident of Broward County, Florida.

7. On April 23, 2019, Plaintiff filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

8. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff is a Black Haitian male and within a class of individuals protected by the FCRA.

8. Plaintiff began working for Defendant on or about 2007 as a cleaner and was then promoted to Supervisor on or about April 2017.

9. In 2018, Frank medina was moved to Plaintiff's store as his supervisor.

10. After Medina transferred to Plaintiff's store he began being discriminated against.

11. In December 2018. John requested paternity leave for 6 weeks.

12. John's request was approved, and he was set to return on or about February 2019.

13. Upon his return to work, Plaintiff found that he was not on the schedule.

14. However, his supervisor Frank Medina (White- Hispanic) instructed him to clock in under a different employee number.

15. Thereafter, he was told to stop overriding and that he had to wait to be added to the schedule.

16. About two weeks went by and Plaintiff was never added to the schedule.

17. Two weeks later, Plaintiff received a phone call from one of his colleagues explaining to him that his name was now on the schedule.

18. The day that plaintiff returned to work, he was placed in various departments as an associate when he was actually the supervisor.

19. On or about March 2019, Medina called John into his office to let him know that "the supervisor position is no longer available and only store associate position is open".

20. However, there were other non-Black Haitian supervisors, that were not demoted.

21. Plaintiff always performed his duties without issue.

22. Plaintiff raised concerns about the demotion being unfair but was not given any other choices.

23. Throughout his employment plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times he did perform his job at satisfactory or above-satisfactory levels.

24. Any reason proffered by his employer for the adverse employment actions is mere pretext for unlawful discrimination and retaliation.

25. Plaintiff feels that he has been discriminated against in violation of The Florida Civil Rights Act. and local laws.

26. Throughout Plaintiff's employment, Plaintiff was able to perform the essential functions of the job duties and responsibilities, and at all times did perform such duties at satisfactory or above-satisfactory levels.

27. . Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

## COUNT I
### *National Origin Discrimination in Violation the FCRA*

28. Plaintiff is a member of a protected class under the FCRA.

29. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

30. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

31. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

32. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

33. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

34. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

35. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

36. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

37. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT II
### *Race Discrimination in Violation the FCRA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under the FCRA.

40. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on race.

41. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a black male.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

g. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

h. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

k. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 11/2/20                                          Respectfully submitted,

/s/Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar Number: 115578
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (561) 225-1970
Facsimile: (305) 416-5005

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

**JOHN GALETE,**

    **Plaintiff,**

vs.

**WALMART ASSOCIATE'S INC,**

    **Defendant.**

_____/

**SUMMONS IN A CIVIL CASE**

**TO: WALMART ASSOCIATE'S INC**, through counsel for Defendant:
    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    RAINIER REGUEIRO, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    COMEAU BUILDING
    319 CLEMATIS STREET,
    SUITE 2200
    WEST PALM BEACH, FL 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

NOV 03 2020
_____
CLERK                                   DATE

_____
(BY) DEPUTY CLERK

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 11/02/2020 01:05:16 PM.****

**FORM 1.997.  CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>John Galete</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>WALMART ASSOCIATES INC</u>
Defendant

**II.  AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☒ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

**III.  TYPE OF CASE**   (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability—commercial
    - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure
    - ☐ Homestead residential foreclosure
    - ☐ Non-homestead residential foreclosure
    - ☐ Other real property actions

- ☐ Professional malpractice
    - ☐ Malpractice—business
    - ☐ Malpractice—medical
    - ☐ Malpractice—other professional
- ☒ Other
    - ☐ Antitrust/Trade regulation
    - ☐ Business transactions
    - ☐ Constitutional challenge—statute or ordinance
    - ☐ Constitutional challenge—proposed amendment
    - ☐ Corporate trusts
    - ☒ Discrimination—employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COUNTY CIVIL**

- ☐ Small Claims up to $8,000
- ☐ Civil
- ☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
　　☐ Residential Evictions
　　☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV. REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V. NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

　2

**VI. IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Rainier Regueiro　　　　　　　Fla. Bar # 115578
　　　　　　Attorney or party　　　　　　　　　　(Bar # if attorney)

Rainier Regueiro　　　　　　　　　　　　11/02/2020
(type or print name)　　　　　　　　　　　Date

- 3 -

In the Circuit Court of the Seventeenth Judicial Circuit
In and for Broward County, Florida

John Galete
Plaintiff

vs.

Walmart Assocrs Inc
Defendant

Case No: 20-18255

Judge:
Division: 13

**FILED NOV 03 2020**

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-4-Civ/UFC/CO:

"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to these two parties.

Listed below are all the aforementioned related cases: None

Brenda D. Forman
Circuit and County Courts

By: _____
Deputy Clerk