UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CIV-62545-RAR

**JOHN GALETE**,

    Plaintiff,

v.

**WAL-MART ASSOCIATES, INC.**,

    Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon *sua sponte* review of the docket. On June 16, 2021, Plaintiff's then-counsel filed a Motion to Withdraw as Counsel of Record [ECF No. 18], indicating that he had been unable to make contact with Plaintiff for a month and had had issues communicating with Plaintiff for several months. That same day, the Court entered an Order Granting Motion to Withdraw as Counsel [ECF No. 19] ("Withdrawal Order"). The Withdrawal Order required Plaintiff to obtain new counsel or file a Notice of Intent to Proceed *Pro Se* by June 28, 2021. *Id*. ¶ 5. After that date passed and Plaintiff had not responded, the Court issued an Order to Show Cause [ECF No. 20] on July 6, 2021, which required Plaintiff to "comply with the terms of the Withdraw Order by July 20, 2021 or show good cause as to why this Court should not dismiss this case for failure to prosecute." The Court also directed the Clerk to mail a copy of the Order to Show Cause and a copy of the docket to Plaintiff at his last known address. *Id*. at 1.

Additionally, the parties were required to conduct a mediation conference on July 6, 2021 and file a mediation report within seven days of that conference but failed to do so. *See* Order Scheduling Mediation [ECF No. 17]. The Court entered an Order to Show Cause on July 18, 2021 [ECF No. 21] directing the parties to file their mediation report by July 20, 2021. Defendant

responded to the Court's July 18, 2021 Order to Show Cause indicating that Plaintiff's former counsel had been unable to make contact with Plaintiff and therefore cancelled the mediation conference, and that Plaintiff has also failed to respond to any written discovery in this case. *See* Defendant's Response to the Court's Order to Show Cause [ECF No. 22].

Precedent from the Supreme Court and Eleventh Circuit recognize that a district court may dismiss an action *sua sponte* due to plaintiff's failure to prosecute his case or obey a court order under Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631-32 (1962); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (upholding dismissal without prejudice for failure to prosecute claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

While this Court carefully exercises its discretion to dismiss a case, dismissal of this action without prejudice is warranted. Plaintiff has now missed multiple Court-imposed deadlines despite warnings from the Court that his failure to comply could lead to dismissal. Accordingly, it is

**ORDERED AND ADJUDGED** that this case is **DISMISSED** *without prejudice*. All pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida on this 21st day of July, 2021.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**